

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALIBEK ISLAMOV,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,

Respondents.

Case No.:  26cv2239-LL-AHG

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

[ECF No. 1]

Before the Court is Petitioner Alibek Islamov's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents filed a Return [ECF No. 6] and Petitioner filed a Reply [ECF No. 7-2]. For the reasons set forth below, the Court **DENIES** the Petition **without prejudice**.

## I.     BACKGROUND

In a related petition under 28 U.S.C. § 2241, this Court granted a writ of habeas corpus after finding that Petitioner's prolonged detention without a bond hearing violated the Fifth Amendment's Due Process Clause and ordered Respondents to arrange an individualized bond hearing for Petitioner before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that

1

Petitioner is a danger to the community or a flight risk if released. Order Granting Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, *Islamov v. LaRose*, No. 25cv3390-LL-MSB (S.D. Cal. Jan. 14, 2026). Respondents complied and a custody redetermination hearing was held before an immigration judge on January 20, 2026. Pet. ¶ 40; ECF No. 1-18. The immigration judge heard from both sides and ultimately denied bond, finding Petitioner was a danger and a flight risk. Pet. ¶ 40; ECF No. 1-18.

The order from the immigration judge on the custody redetermination states that "[a]fter full consideration of the evidence presented, the respondent's request for a change in custody status is hereby . . . [d]enied, because DHS has established by clear and convincing evidence that [Mr. Islamov] is both a danger and a flight risk." ECF No. 1-18 at 2. In the transcript of the January 20, 2026 hearing, the immigration judge stated that he "considered the evidence and the arguments" that were made, noted the government's burden to show by clear and convincing evidence that Petitioner is a danger or a flight risk, and found that the government "satisfied their burden as it relates to both danger and flight risk." Notice of Lodgment of Transcript of January 20, 2026 Custody Redetermination Hearing at 6, *Islamov v. LaRose*, No. 25cv3390-LL-MSB (S.D. Cal. June 4, 2026), ECF No. 17-1. The immigration judge also said to Petitioner, "If you file a bond appeal, I'll prepare a bond memorandum, and I'll explain my decision in more detail." *Id.* at 7.

Petitioner has filed the instant second Petition, arguing that the bond hearing Respondents provided was "constitutionally deficient" because the Department of Homeland Security "relied on a Federal Bureau of Investigation memorandum that explicitly disclaimed any assessment and contained no findings of unlawful conduct, while failing to present any competent evidence that Petitioner poses a danger or flight risk." Pet. ¶ 86; ECF No. 7-2 at 6. Petitioner contends that the deficient hearing—resulting in his continued prolonged detention—violated the Due Process Clause. Pet. ¶¶ 54–86; ECF No. 7-2 at 6.

/ / /

/ / /

26cv2239-LL-AHG

## II.   LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## III.   DISCUSSION

Respondents argue that the Petition should be dismissed because it is an abuse of the writ and because Petitioner failed to exhaust his administrative remedies. ECF No. 6 at 2.

### A.   Abuse of the Writ

The Court does not find this Petition is an abuse of the writ. "Generally, this doctrine forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Calderon v. U.S. Dist. Ct. for Cent. Dist. of California*, 163 F.3d 530, 538 (9th Cir. 1998), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003); *Huston v. Gomez*, 39 F.3d 1187 (9th Cir. 1994) (citing *McCleskey v. Zant,* 499 U.S. 467, 489 (1991)). The gravamen of this Petition is the allegation that the court-ordered bond hearing on January 20, 2026 was constitutionally deficient, resulting in Petitioner's continued prolonged detention. The January 2026 bond hearing had not yet occurred at the time of Petitioner's first habeas petition, so it could not have been raised then. *See id.* Thus, Respondents do not show abuse of the writ.

### B.   Exhaustion

There is no statutory requirement under § 2241 to exhaust direct appeals before filing a petition for habeas corpus. *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004) (citation omitted). However, the Ninth Circuit requires "as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under

26cv2239-LL-AHG

§ 2241." *Id.* (citation omitted) (alteration in original). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks and citation omitted).

The Court finds the first and third factors weigh in favor of requiring prudential exhaustion. An immigration judge is not required to prepare a written decision unless either party appeals. Executive Office for Immigration Review, Immigration Court Practice Manual, Ch. 8.3(e)(7) (updated Feb. 10, 2026), https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm/chapter-8-3. The immigration judge in this case noted that he would prepare a bond memorandum that explained his decision in more detail if Petitioner appealed. The FBI memorandum that Petitioner contends was insufficient to support the immigration judge's findings was not the only evidence presented by DHS. *See* Exhibit E to Petitioner's Memorandum in Support of Motion to Enforce Habeas Order, *Islamov v. LaRose*, No. 25cv3390-LL-MSB (S.D. Cal Apr. 6, 2026). Therefore, the Court cannot ascertain what the immigration judge relied on or what he discounted in making his decision. A written decision of the immigration judge's reasoning would generate a proper record and allow the agency to correct its own mistakes if necessary.

Petitioner argues that exhaustion would be futile because the "Board of Immigration Appeals is bound to apply its own precedential decisions, including *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), and *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025), which hold that detention is mandatory under 8 U.S.C. § 1225(b)(2)." Pet. ¶ 65. Petitioner also contends that the BIA "cannot enforce this Court's habeas jurisdiction, interpret Judge Lopez's federal order, or grant habeas relief under 28 U.S.C. § 2241." ECF No. 7-2 at 7.

/ / /

26cv2239-LL-AHG

The Ninth Circuit has stated that "even if the three *Puga* factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted).

The Court is not persuaded that exhaustion would be futile in this case. The immigration judge's denial of bond was not based on the contention that detention is mandatory under 8 U.S.C. § 1225(b). There is no evidence that the BIA does not have the authority to review the immigration judge's finding that the government met its burden to show flight risk and dangerousness. Therefore, on the facts in this case, the Court declines to waive exhaustion.

**IV.   CONCLUSION**

For the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** the Petition. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

Dated:  June 25, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv2239-LL-AHG